anty the payment of this debt when contracted, the guarantee continues, because a bill which is dishonoured, is no payment. The only objection to the plaintiff's recovery of the amount of this bill, is his neglect in not returning the bill, or giving notice of the protest, or rather, the defect of the plaintiff's evidence in accounting for this bill. It does not appear whether Walter's estate made any dividends; if it did, the defendants would have been entitled to come in, if the bill had be returned. This point is left to you, on the evidence.

Verdict for the plaintiff, for the amount of Walter's bill, and interest.

## Case No. 9,915.

### MULLER v. ERICH.

[See Case No. 9,916.]

## Case No. 9,916.

### MULLER v. HENRY et al.

[5 Sawy. 464; 7 Reporter. 772.] [1]

Circuit Court, D. California. May 1, 1879.

INJUNCTION—CONTEMPT—ACTING UNDER AUTHORITY OF ORDINANCE.

1. Certain parties having been injoined from grading a street until the hearing of the cause, or the further order of the court, subsequently proceeded to grade the street under authority of a city ordinance, passed after the issuing of the injunction, without first presenting the ordinance to the court and procuring a dissolution or modification of the injunction: *Held*, that they were guilty of contempt.

2. A party can only be relieved from the operation of an injunction, absolutely prohibiting the performance of a specific act, by the court granting the injunction.

The bill, supported by numerous affidavits, alleged that the defendants [Joseph Henry and others], without lawful authority, were depositing earth upon certain streets in Napa City and filling them up in such a manner as to dam up water which comes from high ground beyond, upon complainant's lot, occupied as a residence, which water will, by such retention on the lot, create a nuisance, producing irreparable injury by destroying the flowers, shrubbery, and a large number of ornamental trees which have been some twenty years growing upon the lot, and by becoming stagnant and unhealthy, render the lot uninhabitable. The defendants answered denying the effect attributed to the work, and alleging that they were lawfully grading the streets in question in pursuance of an ordinance of the city of Napa. Upon the hearing of an application for a temporary injunction upon the bill, answer, affidavits and charter of the city, the court held that the proceedings of the board of trustees under which the defendants were doing the work were void,

by reason of not having been taken in accordance with the requirements of the city charter, and that defendants were unlawfully filling the streets; and being of the opinion, from the facts disclosed by the pleadings and affidavits, that a private nuisance was likely to result from the work, injoined the defendants from "depositing any rock, earth, clay, gravel or other material" on said streets until the hearing, or till the further order of the court. After the issuing of the injunction the board of trustees passed another ordinance authorizing the doing of the same work, which for the purposes of the decision is assumed to have been done in pursuance of the provisions of the charter. Under the authority of these proceedings, without bringing them to the attention of the court, and while the injunction was still in force, the defendants again commenced to fill in the streets as they were doing before they were stopped by the injunction. Upon this proceeding instituted by the complainant [Hermon Muller] to punish them for contempt in violating the injunction, the defendants set up the said subsequent proceedings of the board of trustees as a justification.

B. S. Brooks, for complainant.

T. I. Bergin and Geo. W. Towle, for defendant.

SAWYER, Circuit Judge. After a full examination of the question submitted in this case, in the matter of contempt, and of the authorities bearing on the subject, I am confirmed in the impression, which I had at the hearing, that the parties are in contempt. The order of this court forbids the defendant doing certain specific acts, and those very acts they have performed.

The first question presented upon the application for the injunction, was, as to the validity of the ordinance authorizing the grading of the streets mentioned. The court held that ordinance to be invalid in consequence of a failure on the part of the board of trustees in passing it to pursue the methods prescribed by the statute. Then, there was another question, as to whether or not the work ordered by that ordinance to be done would create a private nuisance. The court was of opinion, from the evidence adduced, that the case was one in which an injunction should be issued until that question could be determined. After the injunction issued, the board of trustees of the city of Napa took proceedings (which, for the purposes of the decision, may be assumed to have been regular) to authorize the grading of the street—the thing which the defendants were prohibited from doing by the injunction of this court; and, under authority of that action on the part of the board of trustees, without moving this court to modify the injunction, or to release them from the restraints which it imposed, the parties proceeded with the work.

---

[1] [Reported by L. S. B. Sawyer. Esq., and here reprinted by permission. 7 Reporter, 772, contains only a partial report.]